Yongmoon Kim
Evan Lehrer
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff, Cassandra A. Valentine*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA A. VALENTINE, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>MONARCH RECOVERY MANAGEMENT, INC.; and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Cassandra A. Valentine, by way of this Class Action Complaint against Defendants, Monarch Recovery Management, Inc., and John Does 1 to 10 states:

### I.   NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendants arising from Defendants' violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue in this action properly lies in the District of New Jersey as Defendants regularly do business in this district.

## III. PARTIES

4. Plaintiff, Cassandra A. Valentine ("Plaintiff" or "Valentine"), is a natural person residing in Essex County.

5. Defendant, Monarch Recovery Management, Inc. ("MRM"), is a collection agency with its principal place of address located at 3260 Tillman Drive, Suite 75, Bensalem, Pennsylvania 19020.

6. Defendants John Does 1 to 10 are fictitious names of natural persons and/or business entities all of whom reside or are located within the United States whose true names are presently unknown to Plaintiff. Plaintiff will amend this Complaint with those Defendants' true names when they become known.

## IV. FACTS

### A. Background

7. MRM is not in the business of extending credit, selling goods or services to consumers.

8. MRM regularly collects and attempts to collect defaulted consumer debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

9. MRM uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

10. MRM is regularly engaged in the debt collection business.

11.     At all times relevant hereto, John Does 1 to 10 personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, implemented, and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for the wrongdoing alleged in this Complaint.

### B. False Threat of Interest

12.     MRM asserted Plaintiff incurred and owed a certain financial obligation arising from an account originating from "Old Navy Card Synchrony Bank" ("Debt" or "Account").

13.     The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

14.     The Debt alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

15.     MRM contends the Account is past-due and in default.

16.     Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to MRM for collection.

17.     The Account was past-due and in default when it was placed with or assigned to MRM for collection.

18.     At all times relevant hereto, MRM acted in attempts to collect the Debt.

19.     In an attempt to collect the Debt, MRM mailed a collection letter to Plaintiff dated October 8, 2018 ("Letter").

20.     A true copy of the Letter sent by MRM, but with redactions, is attached as ***Exhibit A***.

21. The Letter's caption provides: "Total Balance as of 08 OCT 2018."

22. It is Plaintiff's understanding and belief that, under the terms and conditions applicable to her use of that the original credit card account, interest, late charges, and other charges and fees (such as annual fees) would accrue.

23. The least sophisticated consumer would reasonably presume and understand that a credit card account such as the Account would, if not paid in full every month, accrue interest, late charges, and other charges and fees that varied from day to day. Thus, the least sophisticated consumer would believe the truth of (a) the statement in the Letter that "Total Balance as of 08 OCT 2018" was merely the balance as of the date of the respective letter, and (b) the implication that the balance due would increase daily because of interest, late charges, and other charges and fees if not promptly paid.

24. In fact, however, the balance of $401.33 was static and could not increase and, even if it could, that neither Defendant nor the original creditor intended to add, would add, and did add any lawful interest, late charges, or other fees and charges to increase the balance stated in the Letter.

25. By qualifying "Total Balance" temporally, "as of [a specific date,]" MRM failed to accurately state the amount of the debt, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase on a daily basis due to interest, late charges, and other charges and fees.

26. The Letter's effect of leading a consumer to wrongly conclude that the amount due is not static but, instead, could increase on a daily basis, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the

inability to pay all debts, such a consumer would rationally prioritize a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

27. On information and belief, the Letter is a mass-produced, computer-generated form letter—that is, it was created by merging electronically-stored information about the Debt with an electronically-stored template—that is mailed to consumers in the State of New Jersey, such as Plaintiff, from whom MRM was attempting to collect a debt.

28. All Defendants acted in concert in the attempt to collect the Debt from Plaintiff including the mailing of the Letter.

## V. CLASS ACTION ALLEGATIONS

29. It is MRM's policy and practice to mail written collection communications, in the form exemplified in *Exhibit A*, in an attempt to collect defaulted consumer debts.

30. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

31. Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of Class initially defined as follows:

> **All natural persons to whom a letter from Defendant was mailed to a New Jersey address from October 8, 2018, through and including the present in an attempt to collect a debt owed or allegedly owed to Synchrony Bank, which was charged-off by the creditor before the date of mailing, and which stated: "Total Balance as of [a specific date]."**

32. The Class Claims are those claims arising under the Fair Debt Collection Practices Act arising from a letter mailed in an attempt to collect a debt owed or allegedly owed to Synchrony Bank which stated that "Total Balance as of [a specific date]."

33. The Class is so numerous that joinder of all members is impracticable and, on information and belief, exceeds forty members.

34. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort and expense.

36. Plaintiff's claims are typical of the claims of the members of the Class.

37. The questions of law and/or fact common to the members of the classes predominate over any questions affecting only individual members.

38. Plaintiff does not have interests antagonistic to those of the Class members.

39. The Class, of which Plaintiff is a member, is readily identifiable.

40. Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

41. The prosecution of separate actions by individual members of the classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to

individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

42. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. FIRST COUNT: VIOLATIONS OF THE FDCPA

43. The allegations contained in the preceding paragraphs are incorporated herein and are reasserted as if repeated at length.

44. NCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

45. Each of the John Does 1 to 10 is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

46. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

47. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

48. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

49. Defendants' mailing of the Letter to Plaintiff in an attempt to collect the Debt violated the Fair Debt Collection Practices Act (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(2)(B), 1692e(5), and 1692e(10)).

50. Based on any one or more of those violations, Defendants are liable to Plaintiff and the Class for an amount of money as allowed under 15 U.S.C. § 1692k including, but not limited to, damages, costs, and reasonable attorneys' fees.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Cassandra A. Valentine demands judgment against Defendants, Monarch Recovery Management, Inc., and John Does 1 through 10, jointly and severally, as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorneys' fees and costs causes Plaintiff or the Class a negative tax consequence;

C. For statutory damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*

Dated: October 8, 2019